### THE GRAND ISLE.

#### NICOLE *v.* THE GRAND ISLE.

*(Circuit Court, E. D. Louisiana.* April 6, 1888.)

COLLISION—PROOF—WEIGHT OF EVIDENCE.

The owner of a lugger brought a libel for damages against the G., a steam-tug. Two witnesses and libelant testified that the G. collided with the lugger in passing. Four employes of the G. testified positively that they passed the lugger without colliding in any way. Many circumstances corroborated claimant's witnesses, while some favored libelant and his witnesses. *Held* that, the weight of evidence being for claimant, and the record showing that libelant had grossly exaggerated the circumstances and damages, the libel should be dismissed.

In Admiralty. Libel for damages.

The Grand Isle, a steam-propeller, was plying between New Orleans and Grand Island, through the "Company Canal," an outlet from the Mississippi river. On the 9th of November, 1886, she was on her way

to Grand Island, having a model barge in tow, which a man was steering. On her way, just after leaving the canal lock, she approached the lugger San Pierre, which boat she was charged with having run into and damaged. The rules and custom which regulate the navigation of the canal are that luggers, when a steamer is about to pass by them, are to be held by poles or ropes to the bank. The lugger was on her way to New Orleans, in charge of her owners, with a cargo of oysters.

*J. D. Grace* and *F. Armant*, for libelant.

*O. B. Sansum* and *C. McRae Selph*, for claimant.

PARDEE, J. The liability of the Grand Isle in this case turns upon the fact whether or no the Grand Isle collided with the lugger. If she did, she was in fault, and the lugger was not in fault thereafter in swinging out into the stream and colliding with the barge. If she did not, then the lugger was not properly held or secured to the bank of the canal, as the rules required, and whatever collision there was with the barge in tow was the result of the lugger's negligence. On this point Joseph Balsamo, crew of the lugger, swears "that the steam-boat struck us, and gave us a side lick in passing;" and he says, "the shock of the steam-boat caused the oysters to open." Pierre Nicole, the libelant, swears. "The steam-boat struck me; the shock broke the pole I was holding, and it struck me a blow which knocked me down." Salvadore Picone, witness for the libelant, who was with the lugger Eva, says, in his examination in chief, "that the steam-boat did not strike the lugger;" but on cross-examination says "that the steam-boat did strike the lugger." This constitutes the libelant's entire evidence on this material and turning point. The claimant produces the testimony of Michael McSwensy, Jacob Prevost, Francisco Payreagan, and Joseph Worley, all at the time employes of the Grand Isle, and all of them swear positively that the steamer passed the lugger without colliding in any way. William Appel, another employe of the Grand Isle, swears positively both ways. There are many circumstances developed by the testimony in the case which corroborate to some extent the testimony of claimant's witnesses, and there are some circumstances which corroborate the libelant and his witness. Where the truth lies, the court cannot undertake to say. The weight of the evidence is with the claimant. Considering this, and the fact apparent from the record that, if the libelant's boat was injured at all, he has grossly exaggerated the circumstances and damages, it is clear that the libel in this case should be dismissed; and it is so ordered, with costs of both courts.